## Commonwealth v. Rizzo

*William A. Meehan,* Assistant District Attorney, for the Commonwealth.

*Harry J. Bradley,* for defendant.

BLOOM, *J.*, July 7, 1982—The matter before the court is whether the absence of the name and address of the police organization on a citation is a substantive defect.

Defendant, Frank J. Rizzo, was issued a citation charging him with the offense of underage drinking on March 21, 1982 at approximately 1:00 am in Sharon Hill.

Defendant contends that the citation is defective since the issuing officer failed to insert the name and address of the police organization as required by Pa.R.Crim.P. 52 which provides:

## Contents of Citation

"A.  Required Averments

1. Every citation shall be substantially in the form set forth in Rule 53(a) or 53(b) and shall contain:

(a) The name and address of the organization, and badge number, if any, of police officers . . ."

This court agrees with the position of the Commonwealth that Rule 150, Pa.R.Crim.P. is controlling in the instant case and must be read in conjunction with Rule 52. The comment to Rule 150 explains what constitutes an "Informal" or "Substantive" defect:

"Informal defects refer to errors which do not prevent the substantive content of the document from being plainly understood.

Substantive defects would include those cases in which the Defendant's identity cannot be determined or in which the offense is not properly described."

It is the opinion of this court that the officer's failure to insert the name and address of the police organization on the citation was an "informal" defect under Rule 150(a) and not a substantive defect as

defendant contends. The obvious purpose behind Rules 52 and 150, Pa.R.Crim.P. is twofold: First, to assure the defendant that he receive proper notice of the offense being charged against him; and secondly, to provide defendant with adequate time to properly prepare his case without harm or prejudice. Comm. v. Thomas, 278 Pa. Super. 39 419 A.2d 1344, (1980).

Therefore, we enter the following

## ORDER

And now, this July 7, 1982, after hearing in the above matter and consideration of briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. The appeal of defendant is dismissed;

2. Defendant is directed to appear before this court for sentencing on Tuesday, July 20th, at 9:30 am in the Courthouse, Media, Delaware County, Pa.